**GUO BIN CHAO, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

**No. 07–5686–ag.**

United States Court of Appeals, Second Circuit.

Oct. 29, 2008.

---

2. At the time of trial, neither Scott nor Dortsch could be found.

Douglas B. Payne, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Nancy E. Friedman, Senior Litigation Counsel, Paul Fiorino, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED that the petition for review is DENIED.

Petitioner Guo Bin Chao, a native and citizen of the People's Republic of China, seeks review of a November 30, 2007 order of the BIA affirming the February 7, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Guo Bin Chao,* No. A98 559 912 (B.I.A. Nov. 30, 2007), *aff'g* No. A98 559 912 (Immig.Ct.N.Y.City, Feb. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision, *i.e.,* minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). In cases governed by the REAL ID Act, a presumption of credibility arises where the IJ has not made an explicit adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Here, while the IJ found a portion of Chao's testimony implausible, she explicitly denied his application because he failed to meet his burden of proof and because he could relocate within China. Moreover, while the BIA explicitly affirmed these findings, it made no mention of the IJ's implausibility finding. Under the REAL ID Act, therefore, Chao is presumptively credible, and we will not review the IJ's implausibility finding.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

The REAL ID Act provides that an IJ may require corroboration of "otherwise credible testimony . . . unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Before denying an application for asylum for lack of corroboration, the IJ should first identify the particular pieces of missing, relevant evidence, and show that this evidence is reasonably available to the applicant. *See Diallo v. INS*, 232 F.3d 279, 289–90 (2d Cir.2000).

Here, the IJ properly found that Chao failed to meet his burden of proof because he failed to submit corroboration of the most basic elements of his claim, *i.e.*, that he and his girlfriend had a child in violation of the family planning policy, and that the family planning officials seek to sterilize him. The IJ noted that Chao failed to submit any evidence to establish that he had a girlfriend. While he testified that he had spoken with her "many, many, many times" since his arrival in New York, when asked why he did not have any letters from her, he explained only that she had written two letters, but that he had not received them. The IJ also properly found that Chao failed to submit a birth certificate or photos to prove his daughter's existence. While Chao testified that he had a birth certificate for his daughter, his only explanation for not submitting it to the IJ was that it "hasn't been sent out yet." Moreover, the IJ also properly found that Chao failed to submit any statement from his mother, who could have corroborated his claim. Chao explained that he did not have a letter from his mother because she was illiterate, but the IJ found that explanation unsatisfactory, "as his mother does not have to write the statement, only has to sign it." As the IJ found, these documents were reasonably available to Chao and should have been submitted in support of his application, because he had submitted other documents which had originated in China. *See Diallo*, 232 F.3d at 289–90. Chao failed to offer any explanation, however, for his failure to do so.*

Additionally, because Chao was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

* Because Chao's failure to meet his burden of proof is dispositive of his asylum application, we need not consider the IJ's alternate finding that he could be safely relocated in China.